## SAMUEL S. HAYES

*v.*

## JOHANNA MOYNIHAN.

1. DAMAGES—*excessive.* Where it appeared that a person, desiring to erect a building adjoining the brick house of another, and obtained permission to sink his foundation wall below and partly under the wall of the house, and agreed to pay for all damages the house might thereby sustain, and on putting in his foundation damage was done to the building, in a suit to recover damages for the injury, the evidence being very conflicting on the question of the extent of the damages, the judgment will not be reversed because the damages are excessive, although they may appear to be large.

2. STATUTE OF FRAUDS—*parol promise.* In such a case, the verbal promise does not relate to such an interest in land as brings it within the statute of frauds and perjuries. The promise bound the party making it no farther than did the law, to make compensation for any damage that resulted from laying the foundation of his building as he did.

3. DEMAND—*before suit brought.* In such a case, it is not necessary to maintain an action that an estimate of the damages should have been made and presented to the defendant and payment demanded; it was sufficient that he was notified that the house had been damaged, and requested to pay therefor.

4. INSTRUCTION—*refusal to give.* In such a claim, an item was insisted upon for "risk" in making repairs of the damaged building, and although it should not have been allowed, the judgment will not be reversed because the court refused to so instruct the jury, when the evidence of a number of witnesses place the damages at a larger amount than was found by the jury. The court could only have instructed that the jury should not allow the item unless the evidence showed it to have been a usual and customary charge in making such repairs.

APPEAL from the Superior Court of Cook county; the Hon. WM. A. PORTER, Judge, presiding.

Messrs. ADAMS & BRACKETT, for the appellant.

Messrs. E. & A. VAN BUREN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This case was once before this court, *Hayes* v. *Moynihan,* 52 Ill. 423, where the judgment was reversed for excessive damages.

The cause has since been tried again, with the result of a verdict and judgment $10 less in amount than before.

The action was brought upon an alleged promise of appellant to pay all damages which might be caused to a certain brick building of the appellee, by reason of excavating on her land beneath the foundation wall of her building, and placing thereunder, on her land, the dimension stone of the wall of a brick store appellant was erecting on his adjoining lot.

It is again assigned for error, that the damages are excessive. On the second trial, the testimony presented the case in quite a different aspect from what it did on the former one. The witnesses for the appellee materially enlarged their estimate of the damages, and on their testimony the verdict may be supported; whereas, in the first case, the verdict was not sustained, even by the highest estimate of damages made by any witness. We have carefully examined the evidence in the present record and find it widely conflicting, and that it leaves the extent of the damages done to the building of appellee in much uncertainty; and while we would have been better satisfied with a verdict less in amount, as being a more just one in view of the whole testimony, we hardly think it to be a case which calls for our interference to set aside the verdict of the jury a second time, on the ground of the damages being excessive.

There was no error, as complained of, in refusing to give the first and third instructions asked by appellant, as they were embraced in the ninth instruction which was given for him.

The refusal of the second, fourth, fifth, sixth, tenth and eleventh instructions, asked by the appellant, is assigned as error.

The purport of these instructions was, that the action could not be maintained because the agreement sued on was not in writing.

It is claimed that the agreement respects an interest in land, and is void by the statute of frauds.

It is said the appellant, to be bound by the agreement to pay for damages to the building, must have acquired by it a right that he could enforce to the permanent occupancy of the portion of appellee's land covered by this dimension stone on which the wall of his building rests; that the agreement by parol gave no such right, and so the appellant's promise was without consideration. It is unnecessary to discuss the nature of the interest appellant obtained.

We conceive the statute of frauds has no application here.

Appellee gave appellant permission to lay his dimension stone so as to extend over upon her land, and appellant agreed to pay her whatever damages she might sustain thereby.

He so laid the stone, erected the wall of his building upon it, and has been, and is now, in the enjoyment of its use. He promised to do no more than the law would have compelled him to do if no permission had been given. If he had acted without the license, he would have been liable to an action of trespass for the damage appellee sustained. By force of the agreement, the appellant is liable to pay the damages in an action of assumpsit, instead of an action of trespass. There was ample consideration for the promise, both benefit to promisor, and detriment to promisee.

Appellant's seventh instruction, the refusal of which is assigned as error, was, in substance, that an estimate of the damages should have been made out and presented to appellant, and their payment requested, previous to the commencement of the suit.

We do not regard such previous presenting of an estimate of the damages, as necessary.

Enough appears from the evidence to show that, before suit, appellant was notified of the damage and requested to pay the same. This we deem sufficient in this respect.

It is also assigned for error, the refusal to give the eighth and ninth instructions asked by the appellant, which were to the effect that the jury should not take into account the item of charge for "risk."

Two of the witnesses for appellee, Garnsey and Barrows, gave detailed estimates of the cost of repairing the building of appellee. In Garnsey's estimate is an item, "Risk of $300 ;" in Barrows' is one, "Contractor's risk, $290." Being called upon to explain this item of "risk" in their estimates, Garnsey says: "Well, it might injure the front wall ; there is a certain amount of risk a contractor has to take." Barrows says, "In taking the job I would want something for risk in doing this work. I wouldn't take it at what I thought it would cost actually to do the work ; I want something to pay me for the risking of taking that work ; I have done a good many such jobs, and I find I get more or less damage on them." In reply to the question, "Is that the usual charge in such cases?" he says: "Yes sir, $290." This is substantially all the testimony in favor of the propriety of such a charge.

There is, in each of the estimates of these witnesses, in addition to the item of "risk," another item of fifteen per cent, contractor's profits.

There was much counter testimony, to the effect that such a charge was not a proper or usual one. It can hardly be said there was no evidence tending to show that this charge of "risk" was not a proper item of the expenses of the repair of the building, and so long as there was any such evidence, although it might be weak, it was for the jury to consider and weigh it, and we can not say that the court erred in refusing to entirely exclude it from the consideration of the jury. The court could not have been required to do more than to. say to the jury, that they should not make any allowance on account of that item unless they believed, from the evidence, that it was a usual and customary charge in the making of such repairs.

This charge should not have been allowed as an item of damages, under the evidence.

But there were four witnesses on the part of the appellee, each one of whose estimate of the damages, exclusive of that item, exceeded the amount of the verdict, so that we can not

say that that charge must have entered into the verdict and formed a part of it.

The judgment must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT: Being of opinion that the item for "risk" may have been included in the amount found to be due by the verdict, I can not concur in the conclusion reached by the majority of the court.