# HENRY KUHLMAN

*v.*

# HENRY HECHT.

1. RIGHT OF WAY—*by prescription.* A prescriptive right to a way over the land of another can not be acquired short of twenty years' continuous and uninterrupted adverse enjoyment. Where the use has been for that length of time, and it has been peaceable, the law presumes a grant.

2. SAME—*does not arise out of a tenancy.* If the use of a right of way lacks in time, in peaceable enjoyment, or is founded on a lease, it will not amount to a prescriptive right, even if more than twenty years have elapsed.

3. If one person enters as the tenant of another, and holds under him, a prescriptive right can not be acquired to a right of way over the land of the lessor, while the tenant thus holds; nor will any portion of the time he thus holds be counted, in making out the prescriptive right.

4. SAME—*when appurtenance to land passes by a conveyance of the land.* A way held by grant or prescription will pass by a conveyance of the land with which it is used and enjoyed as an appurtenance.

5. But a mere license to use a way which has not ripened into a right, but may be revoked, is not an appurtenance, and will not pass to a grantee of the land.

6. SAME—*of necessity.* A right of way from necessity is created where the owner sells land which is wholly surrounded by other lands of the grantor. In such case, the purchaser will have the right of way over the grantor's land, to and from his own.

7. If a party sells land not entirely surrounded by his own, but only adjoining the same, the purchaser acquires no right of way, by implication, over the remaining land of the grantor, even though it lies between the land bought and the public highway.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of trespass, by Henry Hecht, against Henry Kuhlman. The opinion of the court contains a statement of the facts.

Messrs. GILLESPIE & HAPPY, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that the parties to this suit own adjoining farms; that both farms, at one time, belonged to Samuel Whiteside. The tract on which appellant resides, and of which he is the owner. was improved. about thirty-five years since, by a son of Samuel Whiteside, and he lived upon the same until he sold to appellant, in 1855. His father did not convey the land to him until in 1854, and,· on the same day, Samuel Whiteside conveyed to his son-in-law, Henderson, the farm on which he resided, and which is now owned by appellee.

From the time Ray Whiteside went upon the farm now owned by appellant, until a short time before this suit was brought. there has always been an open lane to the public highway, from appellant's farm, over the land of appellee. Appellant could not; at any time. get from his farm to a public road without passing over the land of some other person. He had used this way from the time he purchased, until appellant obstructed it by placing a gate across it, a short time previous to the commencement of this suit. Ray Whiteside had used it, to get out from his farm, from the time he settled upon and improved it. Previous to that time. and afterwards for a time, neighbors passed over it, in going to Collinsville. The way was then only fenced on one side, and was open on the other, but it became a lane perhaps soon after, and so continues. Witnesses testify that it had been used by the neighborhood more than fifty years, but had only been used exclusively by the parties to this suit, and their friends, for the last fifteen or sixteen years. It was always used by Ray Whiteside, of whom appellant purchased, from the time he went on the place until he sold to appellant; thus showing a continuous user by appellant and his grantor for full thirty-five years, and nearly nineteen years after the same was conveyed to Ray Whiteside by his father, before it was obstructed by appellee.

After appellee obstructed the lane, by erecting a gate across

it, appellant demanded of him that he remove the obstruction, which was refused. Thereupon, appellant broke down and removed the gate, and appellee sued him before a justice of the peace. On a trial before him, plaintiff recovered a judgment for $3.00. An appeal was prosecuted to the county court, where a trial was had, with a similar result. Defendant thereupon appealed to the circuit court. On a trial in that court, on a bill of exceptions, the judgment of the county court was affirmed, and the defendant brings the case to this court by appeal, and asks a reversal.

There was not twenty years' adverse use of this way, by appellant and his grantor, before this suit was brought. Ray Whiteside used and occupied the farm, under his father, until the 25th of November, 1854, when he acquired title from his father. Up to that time, both places were held and owned by the father, and Ray used this way by the consent, expressed or implied, of the father. There is no evidence that he used it in his own right, or under any independent claim of his own. It also appears that the father and his family used it the same as Ray did. There is nothing appearing in the evidence from which it can be inferred that its use by Ray was adverse until he received the conveyance from his father; and after that, the adverse enjoyment, without being interrupted, was until in July, 1873. Thus, it will be seen that the adverse use of the way was less than nineteen years.

This, then, did not show a prescriptive right. Such a prescription can not be acquired short of twenty years' continuous, uninterrupted adverse enjoyment. Where the use has been for that length of time, and it has been peaceable, the law presumes a grant; but if it lack in time, in peaceable enjoyment, or is founded on a lease, it will not be good, even if a greater length of time has elapsed. It must be founded in wrong. If one person enters as the tenant of another, and holds under him, a prescription can not be acquired whilst the tenant thus holds; nor will any portion of the time he thus holds be counted in making out the prescriptive right.

It, then, follows that, as Ray Whiteside was in under his father, any use he may have made of this way, whilst he so held, was as tenant, and was in nowise adverse. It was a privilege he enjoyed as his father's tenant, at will or otherwise, for the more commodious enjoyment of the farm he was occupying under his father. No portion of the time he thus used this way can be counted, as he did not use it adversely, but subserviently to his father's title. There was, therefore, no prescriptive right shown.

It is, however, urged that the use of this way was, and had been since Ray Whiteside commenced to occupy the farm, appurtenant to it, and, as such, passed to Ray by the conveyance from his father. Had this way been appurtenant to the farm of appellant, at the time he purchased, then it would have passed by the grant to him. A way held by grant or prescription will, no doubt, pass by a conveyance of the land with which it is used and enjoyed as an appurtenance; but a mere license to use a way, which has not ripened into a right, but may be revoked, is not an appurtenance, and will not so pass to a grantee of the land. Until there was twenty years' adverse enjoyment, Samuel Whiteside, as the owner of both farms, could have revoked the license expressly or impliedly given, and could rightfully have closed the lane before he sold the land over which it ran. Hence, this way was not appurtenant to, and did not pass by, the conveyance from the father to his son, Ray Whiteside.

It is also urged that Ray Whiteside, after he purchased, had a way, of necessity, over this land, and that appellant, by purchasing from Ray, acquired the same right, and hence, appellee purchased of Samuel Whiteside subject to this right of way from necessity; that when Samuel Whiteside conveyed to his son, there was an implied grant to him of a way over the grantor's land to the farm granted, that he might have ingress and egress, for its enjoyment; and that we should presume it was intended that the way should be the same that had been used for the purpose for perhaps almost forty years.

A way from necessity is said to arise where the owner sells land to another, which is wholly surrounded by the land of the grantor, and the purchaser has the right of way over the grantor's land, to arrive at his own. 3 Kent's Com. 420. This is the rule as generally stated by text writers, and used in adjudicated cases.

From the evidence in this case, it is manifest that appellant's lands were not so situated. It was not in the midst of, or surrounded by, the land of Samuel Whiteside, when he sold to the grantor of appellant. His farm adjoined the land of Samuel Whiteside, but was not surrounded by it. It is true that Samuel Whiteside still owned land between that and a public road, and over which this lane passed ; but other persons also owned lands adjoining the tract owned by appellant, so that the facts in the case by no means bring it within the rule as stated by Kent and other text writers.

But the case of *Hawton* v. *Freeman,* 8 T. R. 50, is referred to as establishing a broader rule, and one, it is claimed, which will embrace this case. On turning to that case, we find that it is based on the general rule, and by no means enlarges it. Lord KENYON says, in delivering the opinion of the court, that he found it impossible to distinguish that, from the general rule, where a man grants a close, surrounded by his own land, in which case the grantee has a way to it, of necessity, over the land of the grantor, merely because the grantor conveyed to the defendant in the character of trustee, as it could not be intended that he meant to make a void grant. He says, there being no other way to the land granted but over the lands of one of the persons who granted to him, he was entitled to a way of necessity, upon the authority of all the cases, that a grant must be taken most strongly against the grantor. This in nowise enlarges the rule itself, but only extends its application to a grantor who was a mere trustee.

We, after a careful consideration of the entire case, are of opinion that appellant has failed to show that he has a prescriptive right to the way, or that he acquired a right of way,

as appurtenant to his farm, when he purchased of Ray White-side, or that he acquired or has a way from necessity. He, therefore, failed to establish a defense, and the judgment of the court below must be affirmed.

*Judgment affirmed.*