# BRANSON MURRAY

## v.

## LIZZIE D. GIBSON ET AL.

*Action to Recover Damages Caused by Digging Ditch along Highway adjoining Plaintiff's Land—Commissioners, no Power to Grant Right— Such Right can not be Granted by Parol—Parol License from Plaintiff— Condition—Ignorance of Law—Revocation—Practice—Instructions to be Abstracted—Objections, Raised too Late.*

1.   The right to lay a tile drain for private purposes along a highway, is one which the Commissioners of Highways have no power to grant.

2.   The right to dig and maintain such a drain is such a right and interest in land as can not be given by parol but must be created by deed.

3.   In the case presented, it is *held:* That the jury must be presumed to have found the issue of fact as to whether the plaintiff granted permission to dig the ditch in question, in favor of the defendants; that the jury must also have found that the condition as to obtaining the consent of the Commissioners was complied with; that such finding is not manifestly against the weight of the evidence; that the evidence sustains a finding that there was no revocation of the parol license prior to the commencement of this suit; that it is sufficient that the plaintiff gave his consent to the digging of the ditch, although he was ignorant of his legal right to forbid it; that such consent or parol license until revoked was a complete bar to all suits for trespass on account of digging and maintaining said ditch; that said license protected any who assisted in digging the ditch, and that the claims, that the ditch was not properly constructed and that it should have been tiled at once, were for the jury to determine.

4.   Instructions must be abstracted as required by the rules of this court, and if objections are to be made to them they must be presented in the argument in chief.   This court will not consider objections raised and argued for the first time in the reply brief of the appellant.

[Opinion filed December 11, 1886.]

IN ERROR to the Circuit Court of Livingston County; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. H. H. McDOWELL, for plaintiff in error.

A parol license to overflow the land of another is an interest in the land, and is revocable at the will of the party grant-

ing it.  Woodward v. Seely, 11 Ill. 157 ; Tanner v. Volentine, 75 Ill. 624; Kuhlman v. Hecht, 77 Ill. 570 ; Forbes v. Balenseifer, 74 Ill. 183 ; Washburn on Easements, 23.

Every license, therefore, that authorizes such acts as not only require to be performed upon the land, but which gives some usufruct of the land itself, is properly a grant of an incorporeal hereditament, and must be created and transferred by deed.  Kamphouse v. Gaffner, 73 Ill. 454; Woodward v. Seely, 11 Ill. 157 ; Cook v. Stearns, 11 Mass. 535 ; Morse v. Copeland, 2 Gray, 302 ; Hatfield v. Central R. R. Co., 5 Dutcher, 571 ; Eggleston v. New York R. R. Co., 35 Barb. 162 ; Houston v. Saffer, 46 N. H. 505 ; Foster v. Browning, 4 R. I. 47.

The use of the highway for such a purpose is a new and additional burden upon the fee, and for such additional burden the owner of the fee is entitled to compensation.  Board of Trade Telegraph Co. v. Barnett, 107 Ill. 507 ; I., B. & W. R. R. Co. v. Hartley, 67 Ill. 439.

Messrs. STRAWN & PATTON, for defendants in error.

LACEY, J.  This was a suit originally commenced before a Justice of the Peace to recover for injury to appellant's land by means of a ditch dug by defendant John T. Gibson, along the east end of appellant's eighty-acre tract of land, but within the public highway.  The appellant recovered before the Justice, but upon appeal to the Circuit Court was defeated, the jury finding verdict for defendant, and upon motion for new trial being overruled judgment was rendered against appellant for costs, from which judgment this appeal is taken.

The facts of the case, as far as they are undisputed, are, that appellant was the owner of the N. $\frac{1}{2}$ S. E. $\frac{1}{4}$ Sec. 19, T. 28, R. 5, E. 3d P. M., upon which tract a railroad was located east and west on the north line, and it had dug a deep ditch on the south side of the road in the right of way in order that appellant's land might be drained into it, there being a fall eastward down the railroad and northward from appellant's land to the ditch.  Appellant had been engaged and had nearly completed a system of tile drains of four-inch tile on

his land about ten rods apart, running north into the railroad ditch, the water from the tiles being carried off east along in the railroad ditch. There was also a public highway along the east end of the appellant's eighty-acre tract running north and south, of which appellant owned the land over which the road ran, subject to the easement of the road.

John T. Gibson, one of the appellees, owned a seventy-acre tract just south of appellant's eighty-acre tract, the fall to which was northward, the same as appellant's, but there was no well defined channel across appellant's land, and in fact no channel. Gibson was desirous of draining his land across that of appellant into the railroad ditch, and made application to appellant for leave to put a tile across his land. Appellant was willing, but upon terms to which the appellee John T. Gibson would not agree; but upon failure to agree he said to appellant, "I think you will hardly stop me going down the road," and appellant replied, "No; it will be between you and the Commissioners for that." Appellant testifies that what he said was: "He wanted to know if I was willing he should lay a tile drain down the highway, and I told him that that matter belonged to the Highway Commissioners to settle."

This was all the evidence on the question of this parol license. Appellee John T. Gibson dug the ditch along the highway in April, 1884, as he claims in pursuance of this permission, and for consent of the Highway Commissioners he shows a record of the Board of Highway Commissioners in June following, showing that it recognized the digging of the ditch that had been dug as proper, and made an appropriation to help pay for it. The Commissioners had never objected to the ditch being cut.

It is claimed that this ditch was improperly excavated at the mouth, being out at right angles with the railroad ditch, by reason of which by filling that ditch with a current of water shooting across it and by filling it with *debris* it caused the water to set back in the railroad ditch west past appellant's land and thereby fill and cover the mouth of his tile with water, preventing him from draining his land and causing damage; also that the ditch had been improperly constructed in other

respects, so as to saturate and wet his land along the east end along which the drain ran. In the appellant's opening brief the grounds relied on for reversal are that the verdict of the jury was not supported by the evidence, and that the court erred in allowing in evidence the record of the Board of Commissioners of Highways above referred to, at the same time arguing the state of the law on the effect of the parol agreement, the doctrine of revocation and the right of the Highway Commissioners to grant permission to dig the drain complained of.

No objection is made to any instructions, and in fact the instructions are not even abstracted as the rules of this court require. In the reply brief for the first time, several of the appellees' instructions are objected to and elaborate argument is made to show their erroneousness. We can not consider this argument. This practice can not be tolerated. First, the instructions must be abstracted, and secondly, in fairness to the opposite party, if there is to be any objection urged to instructions it should be brought forward in the argument in chief so that appellees may have an opportunity to answer them. Any other course would be unfair to the opposite counsel as well as embarrassing to the court in its consideration of the case.

In the opening brief for the appellant he denies that any parol license was ever granted by him to John T. Gibson to dig the ditch, by either himself or the Commissioners of Highways, and avers that no such license was proven, but adds, "but granting that plaintiff did give a license to dig the ditch, at most it was only parol, and that was revocable at the pleasure of the licensor; and when plaintiff instituted suit, this license if it ever was given was then and there revoked as he had a right to do under the law."

As to the law in the case, we think it is clear that the Commissioners of Highways had no right to grant to Gibson the privilege to dig the ditch in question, "as it would be imposing an additional burthen and servitude on appellant's land," as is fully decided in I., B. & W. R. R. Co. v. Hartley, 67 Ill. 439, and Board of Trade Telegraph Co. v. Barnett, 107 Ill. 507.

It is also clear that the right to dig and maintain such ditch is such a right and interest in the land that it would have to be created by deed and could not be given by parol. It is an easement and must be governed by the law bearing upon the conveyance of such rights. Woodward v. Seely, 11 Ill. 157 ; Tanner v. Volentine, 75 Ill. 624 ; Kuhlman v. Hecht, 77 Ill. 570 ; Forbes v. Balenseifer, 74 Ill. 183 ; Kamphouse v. Gaffner, 73 Ill. 454; St. L. Stock Yards v. Wiggins Ferry Co., 102 Ill. 520. The doctrine in Russell v. Hubbard, 59 Ill. 335, is overruled or only has application in case of a party wall or some peculiar case in equity. See Kamphouse v. Gaffner, 73 Ill. 453, 461 ; Hayes v. Moynihan, 60 Ill. 409, is not in point. An easement was not involved in that case.

But the issue of fact as to whether appellant granted permission to dig the ditch was before the jury, and the jury may have, and we must presume, found the issue thereon in favor of appellees, and we are not prepared to say that such verdict was manifestly against the weight of the evidence. It is true it was conditional, and the jury must find that the condition was complied with by the appellee, John T. Gibson, getting the consent of the Commissioners, which it appears from the record he did, as they recognized the right to dig the ditch by paying for a portion of the expense for digging it.

The evidence shows no revocation of this parol license till the suit was commenced, at least the jury was justified in so finding by their verdict. It does not matter that the appellant did not at the time he gave his consent to the digging of the ditch, know that he had the right under the law to forbid it, nor that his ignorance of the law was the reason that he did so. It was sufficient that he gave his consent. Ignorance of the law would not excuse him or for that reason render his consent void.

And any argument urging that inasmuch as appellant did not understand the law and was not aware of his rights, he therefore could not have given his consent, would be more forcibly urged to the jury than here. We do not deem it sufficiently strong to overturn the verdict, as the jury has not seen proper to give it the weight that it is thought it deserved.

The very fact that appellant was under the impression that he had no right to object in case the Commissioners gave their consent, may have been the controlling cause of his giving his assent.

If he gave it, as the jury by their verdict thought he did, he would be bound by it. Such consent or parol license until revoked was a complete bar to all suits for trespass on account of digging and maintaining the ditch, and such license was not revoked till the bringing the suit. Appellee could not be made a trespasser from the beginning by means of the revocation. The fact that appellee Mrs. Gibson assisted in surveying and leveling the ditch would not make her a trespasser any more than it would John T. Gibson. If he had authority at the time to dig it, he might employ others to assist him without rendering them liable as trespassers. They would be protected under his license. The claim that the ditch was not properly constructed and that it should have been tiled at once, was also submitted to the jury whose verdict we deem justified by the evidence as well on this as all other questions of fact. Seeing no error in the record the judgment of the court below is affirmed.

*Judgment affirmed.*