MATTIE A. HARRIS

v.

OSCAR ROSE.

*Practice—Instructions—Objections—Abstract—Continuance—Discretion
—Master and Servant—Wrongful Discharge—Agency.*

1.  This court will not consider objections to instructions where they are
not set out in the abstract.

2.  Whether a continuance should be granted because of the absence of
one of the parties, is so largely a matter of discretion that its refusal is not
sufficient ground for reversal, unless it is manifest that such discretion has
been abused and injustice has resulted.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Moultrie County; the
Hon. J. F. HUGHES, Judge, presiding.

Messrs. MEEKER & JENNINGS and R. M. PEADRO, for appellant.

Mr. WM. H. SHRINE, for appellee.

*Per Curiam.*    This was a suit to recover damages brought
by Rose against Harris, for being wrongfully discharged from
employment.    In the court below appellee recovered a judgment for $85.40.

We shall not notice the alleged error in the instructions (if
there be any), for the reason that the instructions are not set
forth in the abstract.

A continuance was asked upon the ground that appellant
was sick and unable to be present at the trial, and that she
would swear, if present at the trial, that she never employed
Rose for any fixed period, nor authorized any one to employ
him for her for any fixed period, and that her presence was
necessary to a full defense.

The granting of a continuance on the ground of the absence of one of the parties, being a matter largely of discretion with the trial judge, the refusal to grant the continuance should never work a reversal, except when it is manifest that such discretion has been abused and injustice has resulted therefrom.

We can not see that appellant has been injured by the refusal of the court to grant a continuance. The whole question was not as to the authority of her husband to make a contract for her, but the true character of the contract he made. It would be preposterous to say that the husband of appellant, having the charge of the store and exercising the authority shown by the evidence, would not have the implied authority to hire clerks upon any reasonable and usual terms.

Upon the question of what contract her husband really did make, appellant does not profess to have any personal knowledge, such as would enable her to testify.

We think the jury were warranted in finding the verdict they did, and the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*