Gerke v. Fancher.

---

## Henry Gerke v. John Fancher.

*Headnotes to the Original Opinion.*

1. VERDICTS—*When Not to Be Questioned.*—A verdict can not be questioned on the ground that it is against the weight of the testimony where the bill of exceptions does not purport to contain all of the evidence.

2. INSTRUCTIONS—*When Not to Be Questioned.*—An instruction can not be objected to on the ground that it is not based upon the evidence, when it is not shown that the bill of exceptions contains all the evidence in the case.

3. PLEADINGS — *Declaration Must Show that Plaintiff Was in the Exercise of Due Care.* — A declaration in case for personal injuries after setting forth the negligence of the defendant, proceeded as follows: "The plaintiff avers that in the discharge of his duty as a switchman, about three o'clock at night, or in the morning, of the 16th of February, 1892, he was standing on the side of his car where it was his duty to be, and while he was passing along said track on his said car, by the place where said timber was so negligently left standing by the servants of the defendant, and without any warning or notice of danger, and without any knowledge or notice of the presence or position of said timber, his right leg just below the knee was brought into contact with the elevated end of said timber, so negligently placed and left there by the servants of the defendant, and his said leg was by said timber pinned against the side of said car and mashed, crushed and torn open." *Held,* sufficient, although it does not in express terms state that the plaintiff was in the exercise of due care and diligence.

4. PLEADINGS—*A Verdict Will Aid a Defective Statement.*—A verdict will aid a defective statement of a good cause of action, but it will not aid a statement of a defective cause of action.

*Headnotes to the Opinion on Rehearing.*

1. REHEARING—*In Cases Affirmed, Where the Bill of Exceptions Does Not Purport to Contain all of the Evidence.*—A rehearing may properly be granted in cases affirmed, where the clerk of the trial court, by an oversight in copying the bill of exceptions, under circumstances which

do not charge appellant or plaintiff in error with negligence, fails to transcribe the statement that it contains all the evidence in the case, such rehearing being for the purpose of affording opportunity to amend the record.

2. SAME—*When Not Allowed—Rules.*—The rule of this court that no rehearing will be granted in this court in cases which may be taken to the Supreme Court is not intended to prevent a rehearing under the circumstances of this case.

3. PLEADING—*Defects After Verdict.*—A defect in a declaration to which a special demurrer might have been sustained is cured by the verdict.

4. SAME—*What Defects Can Not Be Raised for the First Time in the Appellate Court.*—It is not the intention of the law to give a party the advantage of a defect in the declaration, when presented for the first time in the Appellate Court, unless the declaration fails to state a cause of action under any reasonable construction.

5. CIRCUMSTANTIAL EVIDENCE—*Competent.*—It is not necessary that some witness should swear that he witnessed the doing of the acts relied upon by the plaintiff; such matters may be proved by circumstances.

**Memorandum.**—Action for personal injuries. Appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894. Rehearing granted and additional opinion filed March 23, 1895.

*Appellee's instruction, the giving of which is assigned for error:*

The court instructs the jury that if they believe from the evidence that prior to, and on the 15th day of February, 1892, the defendant was engaged in the coal business, and had servants and coal teams engaged in hauling and transferring coal in and from the railroad coal yards of the St. Louis, Alton & Terre Haute Railroad Company, in the city of East St. Louis, to the city of St. Louis, in the State of Missouri, and that on said 15th day of February, 1892, the servants of the defendant, about five or six o'clock in the evening of that day, left one of said coal wagons of the defendant by the side of one of the said tracks of said railroad company all night, and also negligently left then and there for such time a long, heavy oak plank or piece of timber, about sixteen feet long, twelve inches wide and three inches thick, with one end buried in the ground and the other elevated above the surface of the ground and pointing toward said track, and reaching near the side of said track and above the surface thereof, as alleged in plaintiff's declaration, and that the plaintiff, while in the due discharge of his duty that night, as a switchman in the service of said railroad company, with due and ordinary care for his personal safety and to prevent injury, and without any notice of the presence or position of said timber, and while standing on the side of a car where it was his duty to be, and using due and ordinary care as aforesaid, was brought in contact with the elevated end of said timber, so

negligently placed and left there by the servants of the defendant as aforesaid, and his right leg was by said timber caught and pinned against the side of said car, and the plaintiff was thereby then and there injured in consequence of the negligence of the defendant, as alleged in the said declaration, then the jury will find for the plaintiff, and assess his damages at such sum as you believe from the evidence to be just compensation for the injury he has so sustained, not, however, to exceed $5,000, the amount sued for.

Flitcraft, Messick & Rhoads, attorneys for appellant.

Jesse M. Freels, attorney for appellee.

Mr. Justice Scofield delivered the opinion of the Court.

The questions presented by this record are such as to render a detailed statement of the evidence unnecessary and therefore unprofitable. It is sufficient to say that the suit was brought by John Fancher, a switchman, who was riding on the side of a moving car at night, and was injured by a heavy board which the servants of appellant had used at the railroad track to raise a wagon loaded with coal out of the mud where it was mired, and which board, according to appellee's claim, had been negligently left by appellant's servants, with one end stuck fast in the mud and the other elevated in the air, in dangerous proximity to the railroad track. Appellee obtained judgment for $1,500, and appellant appealed the case to this court.

The first and second assignments of error which relate to the admission and exclusion of evidence have been abandoned.

The sufficiency of the evidence to sustain the verdict can not be questioned for the reason that the bill of exceptions does not purport to contain all of the evidence.

It is insisted, however, that the court erred in giving appellee's instruction to the jury. One criticism of the instruction is that it submitted to the jury the question of negligence on the part of appellant's servants, when, as it is said, there was no proof of such negligence. We think there was such proof. Besides, this objection is unavailing when it is

remembered that the bill of exceptions fails to show that it contains all of the evidence.

Another criticism is that the language, " while standing on the side of the car where it was his duty to be," assumes as true a disputed question; that it invades the province of the jury by telling them that it was the duty of appellee to stand on the side of the car. We think the language is not justly open to this criticism. It means, " While standing where it was his duty to be," or " while standing on the side of the car in the place where it was his duty to be," neither of which expressions is objectionable as assuming the truth of a disputed fact. The instruction, taken as a whole, correctly announces the law, and, when considered in connection with the instructions given for appellant, can not have had the effect of misleading the jury.

The most serious question presented by the record arises from the alleged failure of the declaration to aver that at the time when appellee received the injury complained of, he himself was exercising due care and diligence for his personal safety. An examination of the declaration shows that it does not contain such an allegation in express terms. But it does set forth facts from which it may be logically inferred that the appellee was not guilty of negligence, and this is equivalent to an express averment of ordinary care. For instance, it has been held that where one sues the master for injuries sustained · through the negligence of his co-employee, he should allege that the two were not fellow-servants; and yet a declaration not containing this allegation, but setting forth such facts as show that the relation of fellow-servants did not exist, has been held sufficient by the Supreme Court. L. E. & St. L. Consolidated R. R. Co. v. Hawthorn, 147 Ill. 226.

The declaration in the case under consideration, after setting forth the negligence of appellant, proceeds as follows : " The plaintiff avers that in the discharge of his duty as a switchman about three o'clock at night, or in the morning, of the 16th of February, 1892, he was standing on the side of his car where it was his duty to be; and while he was passing

Gerke v. Fancher.

along said track on his said car, by the place where said timber was so negligently left standing by the servants of the defendant, and without any warning or notice of danger, and without any knowledge or notice of the presence or position of said timber, his right leg just below the knee was brought into contact with the elevated end of said timber, so negligently placed and left there by the servants of the defendant, and his said leg was by said timber pinned against the side of said car and mashed, crushed and torn open."

It is said, however, that these facts as averred do not show due care and diligence for the reason that appellee might truly have had no actual notice or warning of danger, and yet, by the exercise of ordinary care, he might have had such notice. The declaration shows that the board was left at this place on the 15th of February; that at three o'clock the next morning, which was before the dawn at that season of the year, the accident occurred; that appellee had no actual notice or warning that the timber was there; that he was, at the time, standing where his duty required him to be. In the absence of a demurrer to the declaration or a motion in arrest of judgment, these averments are sufficient to show a *prima facie* case of due care and diligence, without requiring the appellee to allege that he was, at the time, using a search light to spy out extraordinary and unusual obstructions. Appellant, citing several cases, among them C. & E. I. R. R. Co. v. Hines, 132 Ill. 161, states the law as follows : " A verdict will aid a defective statement of title. It will never assist a statement of a defective title or cause of action." Applying this rule to the declaration in this case, we hold that if there is any imperfection, it is in the nature of a defective statement of the cause of action rather than a statement of a defective cause of action. In the Hines case, the Supreme Court quote approvingly the following from 1 Chitty on Pleading, marginal page 673 : " Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue

joined be such as necessarily required on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict."

This proposition of law is decisive of the present controversy. Appellee was necessarily required to prove the facts defectively stated or omitted, before the judge would have directed the jury to give, or the jury would have given a verdict for appellee; therefore the defects and omissions are cured by the verdict.

The judgment is affirmed.

OPINION BY SCOFIELD, J., ON REHEARING.

The petition for a rehearing alleges that the bill of exceptions on file in the clerk's office in the court below contained, when filed, the statement, "and this was all the evidence," but that, on account of the omission and neglect of the clerk, and without negligence on the part of appellant or his counsel, the record as certified to this court does not contain this all-important statement. As appears by the opinion heretofore filed in this case, we declined, in the consideration of the case, to pass upon the question of the sufficiency of the evidence to support the verdict, for the reason that the bill of exceptions, as set forth in the transcript, did not purport to contain all of the evidence. A rehearing has been prayed for in order that a complete record may be filed and a consideration of the case on its merits may be secured.

It seems to us that a rehearing may properly be granted under the extraordinary circumstances of this case, on the authority of Gage v. Schmidt et al., 104 Ill. 106.

The clerk of the trial court, by an oversight in copying the bill of exceptions, failed to transcribe the statement that the record contained all of the evidence. Appellant's attorney sought an opportunity to assist the clerk in comparing the transcript with the original papers, and the clerk

promised him this privilege; but the clerk did not keep this promise, for some reason not clearly disclosed by the affidavit presented with the petition for a rehearing, and the transcript was forwarded to the clerk of this court in the imperfect condition above described. Appellant's counsel probably learned of this imperfection for the first time when the opinion of this court was filed affirming the judgment of the court below.

The effect of the omission under consideration is far-reaching. The Supreme Court, to which this case might be appealed, could not say whether or not the trial court erred in refusing to instruct the jury to find for appellant, or in giving the instruction asked by appellee, for the reason that the record does not purport to contain all of the evidence, and for anything appearing to the contrary there may have been an abundance of evidence not preserved in the record which justified the rulings of the trial court. If the record is corrected at all, it must be done in this court, and, at this stage of the proceedings, by granting a rehearing of the case. Are the technical rules of law and of this court to be treated as so inflexible—to be regarded as so sacred—as to be crystalized into insuperable barriers to the administration of justice? Shall a party, not guilty of negligence, be permitted to suffer because of the mistake of the clerk, while as yet this court has its grasp on the case, even though solely by a petition for a rehearing?

There is a rule of this court, heretofore in force, but which will exist in the future in a modified form, whereby it is provided that no rehearing shall be granted in cases which may be taken to the Supreme Court. The judgment in this case is for $1,500, which amount is sufficient to give the Supreme Court jurisdiction. But of what avail would it be to take this record to the Supreme Court for review? The right of appeal is valueless, unless the questions involved can be considered by the higher court. The rule above mentioned can not be intended to prevent a rehearing under the circumstances of this case. There must be some elasticity in language even in rules of court. There must

be implied exceptions within the spirit of the most inflexi-
ble of laws.   The People v. Gaulter, 149 Ill. 39.   We think
that the rule in question does not stand in the way of a re-
hearing of this case.   And so we have granted a rehearing
and have permitted a complete transcript of the record to
be filed, and the case is now before us for a consideration of
the merits of the controversy.

We are satisfied with the views of the law expressed in
our former opinion herein.   We still think that appellee's
instruction fairly stated the law from his standpoint, and
did not in any manner mislead the jury.   As to the want
of an allegation of due care on the part of appellee, we hold
that such facts are stated in the declaration as show due
care sufficiently, in the absence of a special demurrer, and
that no demurrer having been interposed, and no motion
in arrest having been made, the insufficiency of the decla-
ration in this regard is cured by the verdict.   It is not the
intention of the law to give a party an advantage of a point
like this when presented for the first time in this court, un-
less the declaration fails to state a cause of action under any
sort of reasonable construction.   If the averment may be
gathered reasonably from the facts stated, or may be fairly
read between the lines, the declaration should be sustained.

The question now arises, does the evidence in this record
support the verdict ?   The rules by which a court of review
must be governed in determining this question are too well
known to the profession to render a statement of them nec-
essary in this connection.   In the light of these rules, we
have carefully examined the evidence and have found it suf-
ficient in every essential particular.

It is not necessary that some witness should swear that
he saw appellant's servant thrust one end of the board under
the wagon wheel and leave the other end elevated two or
three feet above the ground, and in dangerous proximity to
a passing train of cars.   This fact may be proved by cir-
cumstances.   When it appears that the wagon was ap-
pellant's and under the control of his servant; that it was
loaded with coal and was mired to the hub of one wheel, or

perhaps deeper still; that the oak board in question was used by appellant's servant, and others assisting him, in a vain effort to raise the wagon out of the mud; that two horses and five mules were unable, with their united strength, to extricate the wagon from the mire; that at three o'clock the next morning one end of the board was in the mud under the wagon wheel and the other was elevated two or three feet above the ground, and so close to a passing car as to tear the flesh from the leg of appellant, who was standing on the sand board, where he had the right, as a switchman, to ride; and that an engine was required to pull the board out of the mud—then enough appears to fasten upon appellant a liability for the injury, provided appellee was using due care, and this, too, notwithstanding the testimony of appellant's servant and two others that after they had used the board they left it lying flat upon the ground. The jury were justified in rejecting the testimony of these three witnesses on this point, and in finding that appellant's servant, with those who were helping him, thrust the board under the wagon wheel, as a solid foundation upon which to raw the wheel, but were unable to extricate the wagon ' this manner, and succeeded only in forcing the board so f 'nto the mud that they had to leave it there during the n'

In our opinion the evidence abundantly suppc the verdict.

The judgment is affirmed.