## John F. Meixsell v. William C. Rich, Jr.

1. Records—*Where They Do Not Purport to Contain all the Evidence.*—Where the record in a case does not purport to contain all the evidence, the court is precluded from considering issues of fact.

2. Abstracts—*When Not Sufficient.*—The court will not feel itself bound to decide a case upon an abstract from which it can derive no possible benefit.

Replevin.—Appeal from the Circuit Court of Union County; the Hon. Joseph P. Robarts, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed September 5, 1896.

Choisser, Whitley & Choisser, attorneys for appellant; Taylor Dodd, of counsel.

Karraker & Lingle, attorneys for appellee.

Mr. Justice Sample delivered the opinion of the Court.

The record in this case does not purport to contain all the evidence, therefore we are precluded from considering the issue of fact. James v. Dexter, 113 Ill. 656. There are no instructions printed in either the abstract or briefs. As was said in the case of Johnson v. Bantock, 38 Ill. p. 114, " We shall not, in future, feel ourselves bound to hear or decide causes on such abstracts, as from them we can derive no possible benefit." Kelleker v. Tisdale, 23 Ill. 405; Shackleford v. Bailey, 35 Ill. 388. There are many decisions of the Appellate Courts of like purport. Murray v. Gibson, 21 Ill. App. 488; Fisher v. Ham, 24 Ill. App. 601; Harris v. Rose, 26 Ill. App. 237; Richey v. Dunham, 50 Ill. App. 246. The other errors assigned, so far as we are permitted to consider the same, are not considered well taken. The judgment is affirmed.

Opinion per Curiam.

A rehearing has been prayed for in this case on the authority of Gerke v. Fancher, 57 Ill. App. 651.

Meixsell v. Rich.

In the Gerke-Fancher case, the bill of exceptions showed, by direct averment, that it contained all of the evidence, and this important statement was omitted from the transcript of the record by reason of the carelessness of the clerk, and without negligence on the part of the appellant's attorneys.

In the case at bar the bill of exceptions did not show that it contained all of the evidence, and the clerk did not make a mistake in copying it into the transcript. One of appellant's attorneys assisted in comparing the transcript with the original papers. Another had the transcript in his possession for four days, but " overlooked and failed to note the aforesaid omission." To grant a rehearing in the face of these facts would amount to an encouragement of carelessness in the preparation of cases for this court.

Appellant's counsel are not relieved from the effect of the insufficiency of the record, by the fact that appellee's counsel did not furnish them with a copy of their brief in conformity with our rules.

The petition for a rehearing is denied.