DANIEL J. GILFOY *et al.* Appellees, *vs.* C. F. RANDALL, Appellant.

*Opinion filed June 22, 1916.*

1. EASEMENTS—*way by necessity not limited to cases where the grantor's land entirely surrounds the parcel conveyed.* Where the owner of land conveys a parcel thereof which has no outlet to a highway except over the remaining lands of the grantor or over the land of strangers, a way by necessity exists over the remaining lands of the grantor. (*Kuhlman* v. *Hecht,* 77 Ill. 570, overruled.)

2. SAME—*what not sufficient to establish a way by prescription.* Proof of the use of land as a way for the requisite period, even though such use was apparent and with notice, is not sufficient to establish a way by prescription, where it is not shown whether the use was permissive or was under claim of right.

APPEAL from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

COOKE, POPE & POPE, for appellant.

EUGENE M. RUNYARD, and GEORGE W. FIELD, for appellee Daniel J. Gilfoy.

Mr. JUSTICE DUNN delivered the opinion of the court:

Appellant is the owner of the northeast quarter of the southwest quarter of section 1, town 43, north, range 9, in Lake county, Illinois, and the appellees own the other three-quarters of the quarter section. Appellant claims a right of way from his land over the appellees' land to a highway running through the southwest quarter of the quarter section. The appellees built a fence across the claimed right of way, which the appellant tore down, and thereupon the appellees filed a bill to enjoin the appellant from using the right of way. The appellant having answered, filed a cross-bill for an injunction restraining the appellees from interfering with his use of the right of way, which the court, upon a hearing, dismissed, granting the relief asked by the original bill, and the complainant in the cross-bill appealed.

The whole quarter section was owned by Felix Givens, who conveyed the northeast quarter to his son, John, in 1865. This quarter was then, and ever since has been, surrounded by the remainder of the quarter section on the west and south and lands of other persons on the north and east. The nearest road was that running through the southwest quarter of the quarter section, and there was no other road nearer to the land than one and a half miles. Givens continued to own the other three-quarters of the quarter section until 1898, and the appellees have succeeded to his title. No one resided on the forty acres until 1872, when Gustave Wewetzer began living there, being the owner of the west half thereof. Since then the land has been continuously occupied as a residence, and the persons owning and residing on it have been in the habit of traveling over the other three-quarters of the quarter section in going to and returning from the highway running through the southwest quarter. The line of travel has not always been the same. Sometimes it varied to avoid wet places or because the line previously used had been ploughed over or crops were raised on it, but when the obstruction was removed the travel re-

274 — 9

turned to the previous line, so that the route which was usually followed is a well defined track leading from the southwest corner of the appellant's land to the road near the appellees' residence.

There is no question but that the use was apparent and that the appellees had notice of it. The evidence does not, however, establish a right of way by prescription, because it is not clear that the use shown was under a claim of right and not permissive. If any right of way exists it is one by necessity. The appellees insist that a right of way from necessity exists only where land is sold which is surrounded entirely by other land of the grantor, and not where the land is surrounded by land of the grantor and other land, and this was decided in *Kuhlman v. Hecht*, 77 Ill. 570. In that case the court stated that the rule as generally stated by text writers and used in adjudicated cases was, that a way from necessity is said to arise where the owner sells land to another which is wholly surrounded by the land of the grantor and the purchaser has the right of way over the grantor's land to arrive at his own. The case under consideration was then distinguished by the fact that the land conveyed was not surrounded by the land of the grantor but that other persons also owned land adjoining, and the case was therefore regarded as not being within the rule as stated by Kent. The rule is cited from 3 Kent's Commentaries (420) substantially as stated there but omits the reason given, which is, that the way is a necessary incident to the grant, without which the grant would be useless. Confining the rule to cases where the land sold is entirely surrounded by other land of the grantor ignores the fact that the grant would be useless if it were inaccessible, whether because it was surrounded by other lands of the grantor or by lands of other persons. In the later case of *Oswald v. Wolf*, 129 Ill. 200, it is said (p. 212): "The only way by which the complainant could then reach the lands conveyed to him from a street or highway was over

the remaining lands of his grantor or over the lands of strangers, and if the deed had not in express terms granted a right of way over the grantor's lands there can be no doubt that such way would have passed by implication as a way of necessity." While this statement was not essential to the decision in that case, it followed the correct rule as announced by the law text writers and the great weight of court decisions. The rule is stated by text writers thus:

"A way of necessity can only be created over one of two parcels of land of which the grantor was the owner when the same was conveyed or reserved, and it arises in favor of such parcel when the same is wholly surrounded by what had been the grantor's land or partly by this and partly by that of a stranger." (Washburn on Easements,— 4th ed.—258.)

"A way of necessity arises when one grants a parcel of land surrounded by his other land, or when the grantee has no access to it except over the land of the grantor, or has an alternative by passing upon the land of a stranger. In such cases the grantor impliedly grants a right of way over his land as incident to the purchaser's occupation and enjoyment of the grant." (Jones on Easements, sec. 298.)

"It is a universally established rule that where a tract of land is conveyed which is separated from the highway by other lands of the grantor, or which is surrounded by his lands or by his and those of third persons, there arises by implication in favor of the grantee a way of necessity across the premises of the grantor to the highway. The basis of this right is the presumption of a grant arising from the circumstances of the case." (9 Ruling Case Law, 768.)

The same doctrine is announced in Bishop on Non-Contract Law, sec. 872, and Goddard on Easements, (Bennett's ed.) 266, and these statements of the law are sustained by decisions of the courts of last resort in many States of the Union, among which are *Taylor* v. *Warnaky,* 55 Cal. 350; *Collins* v. *Prentice,* 15 Conn. 39; *Logan* v.

*Stogdale,* 123 Ind. 372; *Fairchild* v. *Stewart,* 117 Iowa, 734; *Bass* v. *Edwards,* 126 Mass. 445; *Whitehouse* v. *Cummings,* 83 Me. 91; *Kingsley* v. *Gouldsboro Land Improvement Co.* 86 id. 279; *Pleas* v. *Thomas,* 75 Miss. 495; *Kimball* v. *Cochecho Railroad Co.* 27 N. H. 448; *Smyles* v. *Hastings,* 22 N. Y. 217; *Brown* v. *Kemp,* 46 Ore. 517; *Brown* v. *Berry,* 6 Coldw. 98; *Wooldridge* v. *Coughlin,* 46 W. Va. 345.

In *Logan* v. *Stogdale, supra,* it is said: "The theory is, that where land is sold that has no outlet the vendor grants one over the parcel of which he retains the ownership."

In *Kingsley* v. *Gouldsboro Land Improvement Co. supra,* the court said: "It has long been the established rule that if one grants a close surrounded by his own land or to which he has no access except over his own land, he impliedly grants a right of way over his adjoining lands as incident to the occupation and enjoyment of the grant. (*Nichols* v. *Luce,* 24 Pick. 102; 35 Am. Dec. 302.) And the same rule applies when there has been a severance of the property, one portion of which has been rendered inaccessible except by passing over the other or by trespassing on the lands of a stranger."

The case of *Kuhlman* v. *Hecht, supra,* limited the rule too narrowly and it is now overruled. The grant of Felix Givens to his son, John, carried with it a way of necessity from the land granted to the highway over the grantor's remaining land, and the grantor's successors in title, having taken with notice, are bound to the same extent as was the original grantor.

The decree of the circuit court will be reversed and the cause remanded to that court, with directions to dismiss the original bill and enter a decree in accordance with the prayer of the cross-bill.

*Reversed and remanded, with directions.*