NANCY J. JARVIS

*v.*

THE SEELE MILLING COMPANY.

*Opinion filed April 21, 1898—Rehearing denied June 14, 1898.*

1. APPURTENANCES—*appurtenance defined.* An appurtenance is a thing used with, and related to or dependent upon, another thing more worthy, and agreeing in its nature and quality with the thing whereunto it is appendant.

2. SAME—*easements in other lands of grantor pass as appurtenant to mill property.* In a grant of mill property, for the enjoyment of which an easement is used over or upon other lands of the grantor, such easement passes by the grant as an appurtenance.

3. SAME—*deed need not purport to pass appurtenances.* A deed or grant of conveyance need not contain the word "appurtenances," or similar expression, in order that appurtenances may pass thereby.

4. SAME—*controlling question in determining whether mill-pond passed as appurtenant to mill.* In determining whether the grantee of mill property has the right to use a mill-pond, the question to be determined is not whether the mill can be operated without the pond, but whether the use of the pond passed as a necessary appurtenance to the mill property.

APPEAL from the Circuit Court of Madison county; the Hon. M. W. SHAEFER, Judge, presiding.

JOHN G. IRWIN, for appellant.

TRAVOUS & WARNOCK, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action of trespass, begun in the circuit court of Madison county by appellant, against appellee. The declaration alleges, first, that defendant, the Seele Milling Company, by means of a dam, caused water from a mill-pond to back upon and overflow certain lands of plaintiff; and second, that defendant, in re-constructing an old dam, raised it higher than before, causing the water to overflow more of plaintiff's land than formerly. Defendant pleaded the general issue, and by stipulation all matters relevant as a defense were to be introduced in evidence under that plea. By agreement of counsel a jury was waived and the case heard by the court. The issues were found for the defendant, and judgment rendered against plaintiff for costs. Plaintiff appeals to this court.

It appears that in 1852 a mill was built on a lot adjoining that now owned by plaintiff, and a dam was constructed which caused the water in a small stream to overflow the latter property. The mill and the overflowed land belonged at that time to separate owners, but in 1867 the title to both lots became united in Thomas Thorp and John Carney, owners in common. In 1870 they mortgaged the entire property to secure a loan of $15,000. Subsequently the mortgage was foreclosed, and in that proceeding the lands were sold in separate lots. The mill property was sold first, to Frank Bauer, and failing to bring the amount of the debt, the property described in the declaration, which included the overflowed land, was also sold, to one Cabanne, from whom plaintiff derives

173—13

her title thereto. Defendant gets title to the mill property by *mesne* conveyances from Bauer. The dam continued to be used for mill purposes until in 1897, when it was partially destroyed by a freshet. At this time notice was given by plaintiff to defendant not to re-build the dam, she claiming that the only right the mill company or its predecessors then had, or ever had, to dam the water in the stream and cause it to overflow her land, was by the simple acquiescence of herself and her predecessors, and defendant's right was no more than a revocable parol license. The dam was re-built, and plaintiff brought this suit in trespass.

The contention of appellant is, that the owners of the mill property had acquired no right, by prescription, to overflow her land, and that they had no such right under their deed, as an appurtenance to the mill. Upon the trial of the case plaintiff sought to prove, and we think established the fact, that up to the time the mill property and plaintiff's lot became united in Thorp and Carney, the owners of the mill had no right to overflow the other property, but had merely the tacit consent or permission of the owners thereof. But the question now is, did the sale, under the mortgage, of the mill property, being part of the whole mortgaged premises, under the circumstances that the owner of all the property from 1867 to 1875 had maintained the mill-pond and dam for milling purposes, give the purchaser an easement in the overflowed land as an appurtenance to the mill property? Appellee contends that it did. True, the deed, pursuant to the foreclosure proceedings, described the property by metes and bounds, without the word "appurtenances;" but it has been held that "where one grants a mill or other improvement, for the enjoyment of which an easement is used over or upon other lands *belonging to the grantor*, such easement passes by the grant, as an appurtenance to the thing granted." (*Hadden* v. *Shoutz*, 15 Ill. 581.) The pond and dam in connection with the mill, as

well as the mill itself, were contemplated by the parties to the mortgage, because it appears that such pond and dam gave the land its principal value, and the dam had been maintained and the pond used for such purpose for many years prior to the making of the mortgage.

An appurtenance is defined to be "a thing used with, and related or dependent upon, another thing more worthy, and agreeing in its nature and quality with the thing whereunto it is appendant or appurtenant." (2 Am. & Eng. Ency. of Law,—2d ed.—521.) It is true, a mere convenience is not an easement, but the right or privilege must be necessary or essential to the proper enjoyment of the estate granted. The question here is not, as assumed by appellant, whether the mill can be operated without the mill-pond, but whether the use of the mill-pond passed as a necessary appurtenant of the mill property. The deed or grant of conveyance need not contain the word "appurtenance," or similar expression, in order that appurtenances will pass thereby. *Shelby* v. *Chicago and Eastern Illinois Railroad Co.* 143 Ill. 385; *Morrison* v. *King*, 62 id. 30.

We think it clear that appellee has a right to the easement claimed, and its contention to that effect must be sustained. Appellant stands in no better position than her grantor, whose title was subject to the easement of the mill property.

On the question as to the new dam raising the water higher on the land of plaintiff than formerly, the evidence is uncertain and somewhat conflicting. The new dam is wider and the chute differently constructed, yet it appears the water is kept substantially at the same level as before.

On all propositions of law submitted the ruling of the trial court was in conformity with the views herein expressed. Its judgment will be affirmed.

*Judgment affirmed.*