# Henry Parish and Osgood Welsh, Trustees, et al., v. William L. Vance et al.

1. Injunctions—*Proper Verification of Bill.*—An affidavit attached to a bill wherein it is said that the contents of the bill are true of the affiant's own knowledge, " except as to matters which are therein stated to be alleged upon information and belief, and as to those matters he believes them to be true," is sufficient, as such matters as are stated in the bill of complaint to be alleged on information and belief can be ascertained by reference to the bill.

2. Same—*When Properly Granted Without Notice.*—No court, judge or master is authorized to grant an injunction without notice, unless it shall appear from the bill, or affidavit accompanying the same, that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately or without such notice. It is not enough for the bill to state that complainant's rights will be unduly prejudiced, but facts must appear either in the bill or affidavit accompanying it, from which such conclusion may be drawn.

3. Same—*Not to be Granted Without Notice upon Bare Possibility of an Injury.*—An injunction writ ought not to issue without notice, upon the bare possibility of an injury or a mere apprehension not founded upon a substantial basis of fact.

4. Appurtenances—*Particular Facts Under Which Electric Lights Are.*—During the entire period of plaintiffs' tenancy in defendants' building their rooms had been lighted by electricity furnished by defendants from an electric light plant owned and operated by the latter. There were no gas connections, so that there was no other means of lighting the premises. Owing to the character of their business, in which it was customary for them to write on blackboards, within the leased premises, quotations of the sale of stock, grain and other merchandise, which are in continual use, it would be impossible for plaintiffs to transact business without the light. Prior to the execution of the lease plaintiffs were informed by the agent of the building that furnishing electric light was an appurtenance to said premises and as such would be included in the lease, and that plaintiffs executed the lease relying on such representations and their right to such light had been repeatedly recognized. *Held,* that the light is necessary or essential to the proper enjoyment of the estate granted, and passed as an appurtenance granted by the terms of the lease.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. Jesse Holdom, Judge presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed July 17, 1903. Rehearing denied October 13, 1903.

Parish v. Vance.

This is an appeal from an interlocutory order granting an injunction restraining appellants from turning off the electric light or withdrawing the service of said light, or in anywise interfering with the furnishing thereof within the premises occupied by the complainants in the Royal Insurance Building, Chicago.

The bill of complaint shows that appellees are tenants of appellants under a written lease of the premises known as rooms 1, 2 and 3 in the rotunda of said building, " with the appurtenances," said lease commencing May 1, 1902, and expiring April 30, 1907; that their original tenancy began about August 1, 1901, as sub-tenants, and has continued under the present direct lease to them, which became operative May 1, 1902; that during the entire period of appellees' occupancy of the said premises the rooms have been lighted by electricity furnished by appellants from an electric light plant owned and operated by the latter; that prior to the execution of the lease appellees were informed by the agent of the building that furnishing electric light was an appurtenance to said premises, and as such would be included in the lease, and that appellees executed the lease relying on said representations; that their right to such light has been constantly recognized, and that at their request since the tenancy began appellants have put in a few additional lights; that there are no gas connections, and that there is no other means of lighting said premises; that owing to the character of their business, in which it is customary for them to write on blackboards, within the leased premises, quotations of the sale of stock, grain and other merchandise, which are in continual use, it would be impossible to transact appellees' said business without the light; that on or about December 27, 1902, appellants notified appellees that the service of electric light would be withdrawn; that the effect of the deprivation of such light would be to render the said premises entirely untenantable for the purpose of their business, would cause the loss of customers, would greatly depreciate and cause permanent damage and irreparable injury to appellees' rep-

utation and business, and that the effect of such action
would be irremediable at law.

An injunction was granted without notice, restraining
appellants from turning off or withdrawing the service of
electric light from appellees' said premises, and appellants
prosecute an appeal from an order denying a motion made
to dissolve the injunction on the alleged ground that the
bill, and affidavit verifying it, are insufficient to warrant
an injunction without notice.

ALBERT MARTIN, attorney for appellants.

A bill for injunction must be verified positively, and not
upon information and belief. Brabrook Tailoring Co. v.
Belding Bros. & Co., 40 Ill. App. 326; Stirlen v. Neustadt,
50 Ill. App. 378; Becker v. Defebaugh, 66 Ill. App. 504;
Neil v. Oldach, 86 Ill. App. 354; Commerce Vault v. Hurd,
73 Ill. App. 107; Chicago Exhibition Co. v. Ill. State Board
of Agriculture, 77 Ill. App. 339, 350.

In order to have an injunction issue without notice there
must be a showing of facts, either in the bill of complaint
or the affidavit attached, from which it must appear that
the rights of complainants will be unduly prejudiced by
giving notice. Suburban Construction Co. v. Naugle, 70
Ill. App. 384, 389; General Gas Co. v. Stuart, 69 Ill. App.
560.

An appurtenance is defined to be a thing used with, and
related to, or dependent upon, another thing more worthy,
and agreeing in its nature and quality with the thing
whereto it is appendant or appurtenant. Jarvis v. Seele
Milling Co., 173 Ill. 192; Scheidt v. Belz, 4 Ill. App. 431.

Nothing passes by the word "appurtenances" except such
incorporated easements as are strictly necessary and essen-
tial to the proper enjoyment of the estate granted; a mere
convenience is not sufficient. Root v. Wadhams, 107 N. Y.
384; Buss v. Dyer, 125 Mass. 287; Jarvis v. Seele Milling
Co., 173 Ill. 192.

A thing corporeal can not be an appurtenance to a thing
corporeal, nor a thing incorporeal to a thing incorporeal.

St. Louis Bridge Co. v. Curtis, 103 Ill. 410, 418; Cook v. Whiting, 16 Ill. 480; Bloom v. West, 3 Colo. App. 212.

Property tangible and corporeal, capable of sale or transfer and use in other places, can not be regarded as appurtenant to land.   Bloom v. West, 3 Colo. App. 212; Cook v. Whiting, 16 Ill. 480; St. Louis Bridge Co. v. Curtis, 103 Ill. 410, 418.

An appurtenance or easement by application must be open and visible. .Ingals v. Plamondon, 75 Ill. 118; Cihak v Klekr, 117 Ill. 643, 653; Edwards v. Haeger, 180 Ill. 99, 107.

HAMLIN & BOYDEN, attorneys for appellees.

Matters stated to be on information and belief can be ascertained by reference to the bill of complaint.   In such case the court is not required to probe the mind of the pleader for such information, and the affidavit is sufficient. Stirlen v. Neustadt, 50 Ill. App. 379; Chicago Exhibition Co. v. Ill. State Board of Agriculture, 77 Ill. App. 350; Heffron v. Rice, 40 Ill. App. 252; Daniell's Chancery Practice, par. 2171.

In order to have an injunction issue without notice, it is not necessary that the facts showing that the complainant would be prejudiced appear in the affidavit.   It is sufficient if they appear in a properly verified bill.   Becker v. Defebaugh, 66 Ill. App. 504; Saratoga European Hotel & Restaurant Co. v. Mossler, 76 Ill. App. 688.

When the mere act of giving notice may be productive of the mischief apprehended by inducing the defendant to accelerate the act, in order that it may be completed before the time for making the application arrives, the court will award an injunction without notice.   Chicago Exhibition Co. v. State Board of Agriculture, 77 Ill. App. 339.

When the injury is irreparable, a court of equity will take jurisdiction to enjoin a trespass.   Irreparable injury is not the loss of that for which some substitute might be had; it implies the destruction of some right.   If the appellees here are entitled to the right which they claim, irreparable

injury will result from the proposed action of the appel-
lants which would destroy that right.   It has been fre-
quently held that the threatened cutting off of artificial light
on the, part of a lessor affords jurisdiction to a court of
equity, on the ground that irreparable injury would result
if such threat should be carried out.   U. S. Electric Light-
ing Co. v. Metropolitan Club of the City of Washington, 23
Washington Law Reporter, 465; Graves v. Key City Gas
Co., 83 Ia. 714; Whiteman v. Fuel-Gas Co., 139 Pa. St. 492.

Irreparable injury does not necessarily mean that the
injury is beyond the possibility of compensation in damages,
nor that it must be very great.   The fact that no actual
damages can be proved, so that in an action at law the jury
could award only nominal damages, often furnishes the
very best reason why a court of equity should interfere.
Newell v. Sass, 142 Ill. 104;  Field v. Barling, 149 Ill. 556.

A conveyance in general terms passes everything
belonging to the demise.   Whether anything is parcel or
not, is always a matter of evidence, viz:  To show that a
certain rear or yard passes with a demise.   Doe v. Burt,
1 T. R. 701; Bradley v. Steam Packet Co., 13 Peters, 89;
Cary v. Thompson, 1 Daly, 35;  McAdam on Landlord and
Tenant, par. 82.

The word "appurtenances" will pass such things as have
been used, together with the house or land demised, which
are reputed or accepted as parcel thereof.   Whether the
thing claimed as an appurtenance be accounted parcel or
not, depends upon the intention of the parties, to be ascer-
tained by a legal construction of the instrument, and if
ambiguous, by the aid of evidence *aliunde*.  McAdam on
Landlord and Tenant, page 268, par. 83; Doyle v. Lord,
64 N. Y. 437.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of
the court.

It is urged that the injunction order is erroneous, first,
because the bill is not properly verified; second, that there
is no showing of facts in the bill or affidavit warranting an
injunction without notice; and third, that the bill is defect-

ive upon its face and shows that the complainants have an adequate remedy at law.

The first of these objections is based upon the phraseology of the affidavit attached to the bill of complaint, wherein it is said that the contents of the bill are true of the affiant's own knowledge, "except as to matters which are therein stated to be alleged upon information and belief, and as to those matters he believes them to be true." We are unable to see any force in the objection that there is an essential difference in meaning between what is "stated to be upon information and belief," and what is "stated to be alleged upon information and belief." Such matters as are stated in the bill of complaint to be alleged on information and belief can be ascertained by reference to the bill. Chicago Exhibition Co. v. Illinois State Board of Agriculture, 77 Ill. App. 350.

It is complained that the injunction was improperly granted without notice. No court, judge or master is authorized to grant an injunction without notice "unless it shall appear from the bill or affidavit accompanying the same, that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately or without such notice." (R. S., Chap. 69, Sec. 3.) It is not enough for the bill to state that complainants' rights will be unduly prejudiced, but facts must appear either in the bill or affidavit accompanying it, from which such conclusion may be drawn. The writ ought not to issue without notice upon the bare possibility of an injury or a mere apprehension not founded upon a substantial basis of fact. Suburban Construction Co. v. Naugle, 70 Ill. App. 384–398; Chi. Tel. Co. v. N. W. Tel. Co., 199 Ill. 324–327. In the case before us the bill states that the defendants' representatives did more than threaten. They actually notified complainants that the electric light service was about to be withdrawn from the leased premises. The bill sets forth that the furnishing of said electric light is included in said lease as an appurtenance; that without the electric light it would be impossible for complainants to transact their

business; that the effect of such withdrawal would be to render the premises entirely untenable for business purposes, cause a loss of customers, greatly depreciate and permanently damage complainants' reputation and business, and inflict irreparable injury. It further appears from the bill that the rooms occupied by complainants are so situated that they have little or no artificial light, and that there is practically no other means of lighting said premises, except by the electric light heretofore furnished from a plant which is the private property of and operated by the defendants. This service the latter have not merely threatened, but positively stated they are about to withdraw. These statements, if true, constitute a state of facts from which the conclusion may be drawn that the appellees were about to be unduly prejudiced if appellants were not enjoined from cutting off the light; and from the notice given to the complainants that the service of electric light would be discontinued, the inference may very well be drawn that it might be so discontinued at any moment. Upon the whole, we are of the opinion the issue of the injunction without notice was justified by the averments of the bill, although a fuller recital of facts tending to show that notice of the application would be prejudicial, might readily have removed any room for controversy.

It is further urged that upon the face of the bill appellees have an adequate remedy at law. The contention is that as no express provision was made for electric light service by the terms of the written lease under which appellees occupy the premises, the right to such service could pass only as an appurtenance of the premises leased; and it is insisted that the bill fails to state facts upon which such implication may be based. The bill shows that appellees nad occupied the premises under their lease from May 1, 1902, a period of nearly eight months, receiving meanwhile the benefit of the electric light service without any objection on the part of defendants. It is alleged that prior to the execution of the lease appellees were informed by one of the appellants who was acting as agent of the

building that the electric light service would be included as appurtenant to the lease. The fact that after the execution of the lease this service continued to be furnished without objection for so long a time tends to show that appellees themselves, regarded and treated it as appurtenant to the lease. The right to the light in controversy appears, under the circumstances as stated in the bill, to be "necessary or essential to the proper enjoyment of the estate granted." Jarvis v. Seele Milling Co., 173 Ill. 192–195. If so, it apparently passed as an "appurtenance" granted by the terms of the lease. Finding no error the order of the Superior Court is affirmed.