Benjamin W. Vinissky, Appellee, v. Israel Lazovsky et al., Appellants.

## Gen. No. 16,626.

1. LANDLORD AND TENANT—*what included in demise.* The lease of a building for a store and dwelling carries with it the right to the lessee to possess it "in the same manner and with the same beneficial rights" as were then connected with its use and enjoyment. *Held,* in this case, those rights included the use of a passageway in controversy and an easement therein for all purposes for which it was used by the owner or previous tenant at the time the lease was made.

2. INJUNCTIONS—*when lie to protect easement.* If a lease of premises includes an easement for light and ingress and egress over a passageway, an injunction will be granted to restrain the owner from improperly closing or obstructing such passageway.

Bill for injunction. Appeal from Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed May 19, 1910.

MAX M. GROSSMAN, for appellant; H. J. ROSENBERG, of counsel.

WILLIAM SCHREIDER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from an interlocutory order denying a motion by defendant for the dissolution of an injunction.

Complainant filed a bill praying among other things that defendants be restrained pending the hearing "from erecting any structure upon the east seven feet of lot 29" in block 4 of Twelfth Street Addition, etc., "or from obstructing, impeding or hindering the complainant from the full and free use of the said east seven feet as a passage way and from building any structure upon the east seven feet which will obstruct complainant's right to air and light." Averments material to the present appeal are that complainant is owner under a written lease of a leasehold interest in the premises in question described in said lease as follows: "the two story brick building known and described as No. 1719 West Twelfth street, store and basement to be used for wholesale and retail cigar and tobacco business, and the six room flat above to be used only for resident purposes by him, for the term of five years beginning the First day of May, A D. 1909, and ending the Thirtieth day of April, A. D. 1914." The lessor, defendant Frank J. Smith, at the time the lease was made owned the whole of lot 29 upon which the brick building described in the lease stands. This lot is 31 feet front by 125 feet deep, and the building stands about seven feet from the east line of the lot, leaving a passage way having a width of seven feet and a fraction on the east side of said lot which was occupied by a sidewalk extending to the rear of the lot and, it is charged, afforded ingress and egress to and from the rear entrance of the building. Complainant avers he

was assured by the lessor before the lease was executed that this passage way was part and parcel of the leased premises.    On the 7th of October, 1909, the lessor sold and conveyed said lot 29 to one Mier Ladon, subject to complainant's lease, the latter being then in full possession and occupancy of the leased premises.    Subsequently on November 23, 1909, said Ladon, who in the meantime, as appears from affidavits, had repaired the sidewalk on the passage way in question, sold and conveyed the said east seven feet of lot 29 to the defendant Israel Lazovsky.    The latter it is alleged is the owner of the adjoining lot 30 east of said lot 29 and has prepared plans and specifications and lot contracts for the erection of a building on his said lot 30, which building is planned to cover all of the said seven foot passage way except a space of "three and a half feet from the east wall over the lower windowsill of the windows of the second floor of the building," leased to and occupied by complainant.    Lazovsky in pursuit of his said purpose has already pulled up and removed the wooden sidewalk on the east seven feet in question and has made a "light and air agreement" with said Ladon, as the bill avers, "with intent to defraud complainant of his rights to the use of the east seven feet of said lot."

The defendant Lazovsky has filed a sworn answer which was used as an affidavit upon the hearing of the motion to dissolve now in controversy.    The answer denies that the lease to complainant includes the use of the seven foot passage way in question and states that prior to the service of the notice of the injunction and without notice of any claim of complainant of the right to use said seven feet, said defendant had let contracts and commenced the construction of the building he proposes to erect on his lot and on said passage way and has dug trenches for the foundation, and alleges that if he does not go on and is not now permitted to go on with the erection of the proposed building, he is threatened by his contractors with suits for damages.    The

record contains other affidavits and testimony and upon the showing made by the bill and affidavits the application to dissolve the injunction complained of was heard.

The complainant's bill prays a reformation of the lease to include therein specifically as part of the demised premises the seven feet adjoining the building described in the lease, averring that it was the intention of the lessor and himself specifically to include the said seven feet, which intention, by the mistake of the scrivener, was not expressed in the written instrument. Whether complainant is entitled to such reformation or not it is unnecessary now to consider. It is not disputed that at the time of the purchase by Ladon from the original lessor, as well as at the time of the sale by Ladon to Lazovsky, the complainant was in open and public possession of the leased premises. There is also evidence that Ladon bought with actual notice and knowledge of complainant's claim under the lease to the control and use of the seven feet in question. Open and public use and possession of the leased premises, the presence of the sidewalk extending along the passage way from the front to the rear of the building occupied by complainant, the fence that the lessor testifies "extended out there" and "belonged to the premises" were notice to all parties sufficient at least to put them on inquiry as to the extent and nature of complainant's rights therein. In Street R. R. Co. v. Morrison, 160 Ill. 288-301, it is said: "On the other hand defendant in error was in actual, open and visible possession of the premises here involved and such possession was constructive notice of all its interests and rights in the premises." In Coari v. Olsen, 91 Ill. 273-280, it is said: "This court has uniformly held that actual occupancy is equal to the record of the deed or other instrument under which the occupant claims and a purchaser is bound to inquire by what right or title he holds. The purchaser takes the premises subject to that title or interest, whatever it may be."

It is evident that if the complainant is entitled under his lease to the use and occupancy of the seven foot passage way in dispute, the defendant Lazovsky purchased and holds his title thereto subject to complainant's rights. Whether complainant is so entitled is the material question here involved. In Taylor on Landlord and Tenant, vol. 1, chapter 5th, page 192, par. 161 (9th ed.), it is said: "In general the grant of a thing passes the incident as well as the principal, though the latter only is mentioned, unless there appears an express reservation. Thus the lease of a building passes everything belonging to it or which is essential to its enjoyment. * * * A lease of a ground floor abutting on a yard also belonging to the lessor and forming part of the same tenement carries the right to have the windows looking on the yard remain unobstructed. * * * A garden is parcel of a house and passes without the addition of the word appurtenances. By the grant of a piece of ground a necessary right of way to it over the grantor's land also passes. * * * A lease of a 'building' conveys the land under the eaves if owned by the lessor and his erection of a wall there is an eviction. A lease of a 'store' includes the land under it and to the middle of a private way in the rear, the fee of which is in the lessor." In Riddle v. Littlefield, 53 N. H. 503-509, it is said: "Certain words usually employed in a lease as a house, farm, land and the like have if necessary a very wide meaning; and where such general and comprehensive terms are employed all things usually comprehended within the meaning thereof will pass unless the circumstances of the case show very clearly that the intention of the parties was otherwise. 1 Pars. Con. 499." In Doyle v. Lord, 64 New York, 432-437, the court quotes from Judge Story in United States v. Appleton, 1 Sumner, 492, as follows: "The general rule of law is that where a house or store is conveyed by the owner thereof, everything then belonging to and in use for the house or store as an incident or appurtenance

passes by the grant, unless it contains some restriction that the grantee shall possess the house in the manner and with the same beneficial rights as were then in and belonged to it.''

In the case at bar the lease of the building for a store and dwelling carried with it the right to the lessee to possess it ''in the same manner and with the same beneficial rights'' as were then connected with its use and enjoyment.   These rights included the use of the passage way in controversy and an easement therein for all purposes for which it was used by the owner or previous tenant at the time the lease was made.   The evidence as it now stands makes it apparent the passage way was then in use as a means of access to the rear of the building from the street in front. Windows opened upon it, giving light to the building. These uses were open and apparent.   We are of opinion therefore that in the present state of the record the motion to dissolve the temporary injunction was properly denied.   The judgment of the Circuit Court will be affirmed.

<div align="right">

*Affirmed.*