(No. 15481.—Decree affirmed.)

HENRY HOEPKER, JR., Appellee, *vs.* WILLIAM HOEPKER, Appellant.

*Opinion filed October 20, 1923.*

EASEMENTS—*when one devisee may claim an easement of way against another.* Where the owner of a tract of land so arranges and adapts it that one portion is reached by a right of way across another portion, which way is open, visible and in continuous use during the owner's lifetime, such use being reasonably necessary to the enjoyment of the portion of the land which it reaches, a devise of the two portions of the land to the testator's sons in separate tracts, without mentioning the right of way, carries with it the privileges and burdens of such way as they existed at the testator's death. (*Morrison* v. *King,* 62 Ill. 30, followed.)

APPEAL from the Circuit Court of Washington county; the Hon. LOUIS BERNREUTER, Judge, presiding.

J. PAUL CARTER, for appellant.

JAMES A. WATTS, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Henry Hoepker, Jr., filed his bill in chancery in the circuit court of Washington county against William Hoepker for an injunction requiring the defendant to remove an obstruction placed by defendant across a private way or road over which the complainant claimed he had an easement of passage over land of defendant and to enjoin him from further obstructing or maintaining an obstruction across said right of way. The defendant demurred generally and specially to the bill. The court overruled the demurrer, and defendant refused to answer and elected to stand by the demurrer. The court thereupon ordered the bill to be taken as confessed and rendered a decree granting the re-

lief prayed for in the bill. The defendant has prosecuted an appeal to this court.

The bill alleges complainant and defendant are brothers, sons of Henry Hoepker, Sr., deceased; that in 1872 Henry Hoepker, Sr., owned all the lands described in the bill, including the lands now owned by complainant and defendant, and continued to own them until his death, in January, 1917; that he left a will, by which he gave defendant a certain twenty acres, with other land, in section 2, and gave complainant eighty acres in the same section adjoining defendant's twenty on the east, and twenty-six acres in section 21. The bill avers all the land in section 2 was being used by the testator for farming; that there was a dwelling house and farm buildings on the east forty of complainant's eighty, which eighty joins defendant's twenty on the east; that there was located a right of way running west from complainant's dwelling house across the south side of his eighty acres and across the south end of defendant's twenty acres immediately west of complainant's land, which intersected a public highway at the west line of said twenty acres; that when Henry Hoepker, Sr., purchased the land, in 1872, the private way was the only way of ingress to and egress from the eighty acres he devised complainant, and up to the time of his death was traveled by him and his tenants to and from said land and since his death has been used by complainant in attending church, school, and in securing timber from the twenty-six acres in section 21; that in 1880 Henry Hoepker, Sr., lengthened the private way by extending it north from its eastern terminus as originally laid out, a half mile, to intersect a public highway on the north line of section 2, thereby giving an outlet north and east to the village of Addieville; that defendant had knowledge of the existence and use of the private way as originally laid out and extended and frequently traveled it in visiting complainant; that the private way was visible

from deeply-worn tracks made by long years of use; that the use of the private way by complainant was and is reasonably necessary to the full enjoyment and use of his land; that in March, 1923, defendant erected an obstruction of posts and wire across the private way and deprived complainant and his family of the use of it; that he refused to remove the obstruction on request and declared his intention to continue it, and as a result complainant and his family are deprived of a way from their residence to church and school and to procure fuel and timber from the land in section 21 except by traveling a circuitous route, lengthening the distance one mile. The bill alleges that a suit at law will result in a multiplicity of suits and irreparable damage to complainant, and prays an injunction commanding defendant to remove the obstruction and restraining him from continuing it.

Defendant contends it cannot be determined from the bill whether the easement was claimed to exist by grant or by prescription; that if any easement existed when the father of complainant and defendant acquired title to all the land, in 1872, the servitude terminated by merger; that the use of the land by tenants, other than the land rented to them, was permissive,—not hostile,—and it does not appear from the bill that complainant's farm is surrounded by land of defendant, and complainant could not, therefore, acquire rights against defendant under the will of Henry Hoepker, Sr., which will did not refer to the right of way over defendant's twenty acres. It is also urged that no act of defendant induced complainant to part with anything for the land he received from his father. These contentions were set forth as special grounds of demurrer to the bill.

The bill is not based on the claim that an easement of passage existed by grant or prescription but on the ground that Henry Hoepker, Sr., during the time he owned all the land, arranged and adapted it so that one portion of it de-

rived benefit from another portion, which arrangement was of a permanent, open and visible character, and when he devised the land to his sons they took the same with all the benefits and burdens which appeared at the time to belong to it.

The bill alleges that from 1872, when Henry Hoepker, Sr., acquired title to all the land, until his death, the private way existed and was continuously traveled; that its use is reasonably necessary to the full enjoyment of complainant's land; that its obstruction deprives him and his family of a way from their residence to church and school and to complainant's land in section 21 except by a circuitous route, necessitating travel of a mile further.

It has been held in *Cihak* v. *Klekr*, 117 Ill. 643, and many other cases, that where the owner of an entire estate has so arranged and adapted it that one portion of the estate derives a benefit and advantage from the other portion, of a permanent, open and visible character, and such owner sells a portion of the property, the purchaser will take the tenement sold him with all the benefits and burdens which appear at the time to belong to it, and it is not necessary in such case that the easement claimed by the purchaser must be really necessary for the enjoyment of the estate granted him but it is sufficient if it is highly convenient and beneficial therefor. Defendant insists that rule applies only in the ordinary case of vendor and vendee, where the vendee was induced to purchase on account of the arrangement of the premises, and has no application where the property is acquired by will or inheritance. We think this contention of defendant was decided to the contrary in *Morrison* v. *King*, 62 Ill. 30. In that case the owner of a plat of ground in Chicago erected a building covering the entire plat, three stories high, divided into five store buildings on the ground floor, and the upper stories were used for offices and reached by one stairway between two

of the store rooms. The building and stairway were used by the owner and tenants for the enjoyment of the prem- ises until the death of the owner. After his death, in a proceeding by the widow for the assignment of dower, that part of the building and the land on which three of the store buildings were located was set off to the widow as dower. Afterwards the heirs of the deceased owner, who held the legal title to the remainder of the building, decided to tear down their part of the property and erect a new building. Part of the stairway was on their part of the property and part on the property assigned to the widow as dower, and they proposed to remove that part of the stairway which was on their property. Its removal would have been the practical destruction of the only means of access to the second and third floors of the widow's prem- ises. She filed a bill to enjoin the heirs from carrying out their purpose, claiming she was entitled to rights, in the nature of easements, which the defendants were threaten- ing to destroy. This court affirmed a decree granting the relief prayed. The opinion, which refers to many authori- ties, says in part: "Now, can it be successfully maintained that in such a case, or one under the fifteenth section, the proceeding, under the authority of the law, which has the effect in one case to vest the widow with a life estate and in the other with an absolute estate in fee simple, shall not have the effect to pass any of those things as incidents ap- pendant and appurtenant to such lands and tenements as would pass by a conveyance without mention of appurte- nances? We think not. It seems to us to be a reasonable rule, consistent alike with justice and the analogies of the law, that where the severance of an estate consisting of two or more heritages occurs by reason of the death of the common owner and the laws of descent and of dower, and an allotment of the latter is made under the statute, the dowress, in the absence of any restrictions in the pro- ceedings, should be entitled to take the portion allotted to

her as it existed at the time. If conveniences provided for such portion by the common owner were continuous and apparent and necessary to the reasonable enjoyment of it, they will be presumed to have been taken into consideration by the commissioners and regarded as a charge upon the other portion in favor of that allotted and as passing with the estate by operation of law."

The case made by the bill was that the easement of way across the south end of defendant's twenty acres, if not absolutely necessary to the enjoyment of complainant's land, was highly beneficial and convenient to its reasonable use. It had existed and been used during the lifetime of the father of complainant and defendant, and was so in use when he made his will and at the time of his death. We are of opinion the bill stated a case entitling complainant to relief, and the court did not err in overruling the demurrer to the bill.

The decree is affirmed.

*Decree affirmed.*