The Harmony Cafeteria Company et al., Appellees, v. International Supply Company, Appellant.

Gen. No. 32,361.

Opinion filed July 10, 1928.

HIRSCH, CHAIKIN & BLOCH, for appellant.

HARRY S. HARNED, for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

In the municipal court of Chicago, in an action in contract, the plaintiffs, The Harmony Cafeteria Company, a corporation, A. J. Cooper and S. Cooper, obtained a judgment by confession against the defendant, International Supply Company, a corporation, in the sum of $320. The plaintiffs' claim was for rent due upon a written lease executed by the plaintiffs, as lessors, and the defendant, as lessee, whereby the plaintiffs demised to the defendant "the premises in the City of Chicago, County of Cook, and State of Illinois, known and described as follows: That certain space known and described as rooms 302-3 on the third floor of the Hamilton Building, South East corner of Clark and Van Buren Streets, to be occupied for its hardware specialty business and general merchandise, and for no other purpose whatever." The lease contained an ordinary confession of judgment clause. Thereafter the defendant filed a motion to vacate the judgment, and in support thereof filed an

affidavit of the president of the defendant corporation. The material parts of the affidavit, so far as this appeal is concerned, are as follows:

"That prior to the entering into of the lease between the plaintiff and the defendant, the plaintiff promised the defendant that in consideration of his signing the aforesaid lease, the plaintiff would give unto the defendant the privilege of using, during the term of said lease, a certain storage place in the basement of the building, of which the defendant's premises are a part, which said space and place was at that time designated, and subsequently in accordance with said promise occupied by the defendant for a period of about three (3) months after January 1st, 1926; and used by the defendant to store merchandise and stock of the defendant and boxes of the defendant used in the defendant's business; that said premises are material and essential to the conduct of defendant's business; that on or about April 15th, 1926, the plaintiff moved into and occupied the second floor of the building at 81 West Van Buren Street, said building being the one in which the premises occupied by the defendant are located, and in addition to occupying said second floor the said plaintiff took possession and made use of a greater portion of the basement, and also that portion of the basement which had been set aside for storage purposes for the use of the defendant; that as a consideration for the entering into of the lease upon which judgment was taken in this cause, the plaintiff promised unto the defendant that it would be allowed to place a sign on the front of said building; that he (defendant) has repeatedly notified the plaintiff; and has oft requested that the defendant be allowed the use of the aforesaid designated space, and to remove the rubbish and belongings of the plaintiff from the aforesaid space so that the defendant may occupy the same, but the plaintiff has wholly refused so to do, and still refuses so to do."

The trial court entered an order overruling the defendant's motion and this appeal followed.

The sole contention of the defendant is that the trial court erred in refusing to vacate the judgment, for the reason that "the affidavit set forth that the store-room in the basement was necessary and essential to the conduct of the business of the plaintiff in error, and that the store-room, or space in the basement had been specifically designated by all of the parties, and had been in use by the plaintiff in error for a period of over three months. It then became a question of fact as to whether or not the store-room was, or was not appurtenant and running with the demised premises. The affidavit set forth that the plaintiff in error had been promised a space in front of the building, where he could place a sign. A sign is clearly essential and necessary to the business of any concern, and it became a question of fact as to whether or not it was an appurtenance"; that the plaintiffs have evicted the defendant from the "certain storage space" in the basement and that the said space was appurtenant to the premises described in the written lease, and that by reason of the said eviction the defendant was thereby excused from the payment of any rent, although he continued to occupy the premises described in the lease.

While the affidavit is based entirely upon the theory that the alleged oral agreement entered into prior to the making of the lease constituted a demise of the certain storage space in the basement, subject to the terms and provisions of the written lease, the defendant has abandoned that theory in this court, as clearly appears from the sole contention raised, but we have concluded to consider the contention as though it were supported by the averments in the affidavit. It is elementary, of course, that when parties deliberately reduce their agreements to writing, parol evidence is inadmissible to contradict, add to, explain or modify

the writing, and that a written contract executed between parties supersedes all their prior negotiations and agreements upon the same subject, and this appeal might well be determined by this rule of law.

In support of its present contention the defendant cites *Parish v. Vance,* 110 Ill. App. 50; *Vinissky v. Lazovsky,* 155 Ill. App. 596, and *Johns v. Eichelberger,* 109 Ill. App. 35. In the first case the court held that the right of the lessee to the light in controversy was necessary and essential to the proper enjoyment of the estate granted and that it passed as an "appurtenance" by the terms of the written lease. In the second case the court held that a lease of a certain building for a store and dwelling carried with it a right to the use of a passageway in controversy. In the third case it was held that where a landlord leases to a tenant a single room in a building, retaining control of the other parts, including the roof, it is the duty of the landlord to keep the roof in repair, so the tenant may not be injured in his holding. None of these cases has any application to the facts of the present proceeding.

"An appurtenance is defined to be 'a thing used with, and related or dependent upon, another thing more worthy, and agreeing in its nature and quality with the thing whereunto it is appendant or appurtenant.' (2 Am. & Eng. Ency. of Law,—2d ed.— 521.) It is true, a mere convenience is not an easement, but the right or privilege must be necessary or essential to the proper enjoyment of the estate granted." *(Jarvis v. Seele Milling Co.,* 173 Ill. 192, 195.) "Nothing passes by the word *appurtenance,* except such incorporeal easements, or rights, or privileges, as are strictly necessary and essential to the proper enjoyment of the estate granted. A mere convenience is not sufficient to thus create such a right or easement." (2 Am. & Eng. Ency. of Law,—2d ed.— 522, and cases cited.) "The word (appurtance) has

a technical signification, and, when strictly considered, is employed in leases for the purpose of including any easements or servitudes used or enjoyed with the demised premises." (Bouvier's Law Dictionary, Rawle's Revision, Vol. 1, p. 158.)

The language in the lease, "that certain space known and described as rooms 302–3 on the third floor of the Hamilton Building, South East corner of Clark and Van Buren Streets, to be occupied for its hardware specialty business and general merchandise, and for no other purpose whatever," in our judgment, cannot, by any reasonable interpretation, be made to include, as an appurtenance, "a certain storage place in the basement of the building," which "place" was on another floor and entirely apart from the space designated in the lease itself. A case in point is *Fuchs v. Par Kar Amusement Co.*, 236 Ill. App. 487. Moreover, the affidavit in question is silent as to the character and size of the building in question and how, if at all, the premises described in the lease were connected with the "place" in the basement. It does not even aver that the use of the "place" in the basement was material and essential to the conduct of its business at the time the lease was made. The allegation is that the premises are material, etc. Neither the size of rooms 302–3 nor the size of the basement is given, nor does the affidavit even state in what part of the basement was the "certain storage place," nor the dimensions of the same, and for aught that appears in the affidavit, the size of the latter may have been exceedingly small. "To be the basis of an eviction, the omission of duty on the part of the landlord or the wrongful act committed by him must be something of a grave and permanent character, evidencing an intention on his part that the tenant shall be deprived of the enjoyment of the demised premises." *(Gibbons v. Hoefeld,* 216 Ill. App. 282, 289.)

The defendant asserts, rather than argues, that it was entitled to a space in front of the building where it could place a sign; that a sign was an appurtenance of the premises demised and that the plaintiffs refused to allow the defendant to place a sign, and that such conduct of the plaintiffs amounted to an eviction from a portion of the premises. The lease contains no provision that the defendant was entitled to a space in front of the building where it could place a sign. In fact, it provides that the defendant "shall not allow any signs or placards posted or placed thereon except by written consent of first party." But if it be conceded that the alleged right was an appurtenance to the premises demised, the refusal of the landlord to permit the use of the sign could not be held to amount to an actual eviction from a portion of the premises described in the lease. The defendant admits that it continued to occupy the premises described in the lease and that it failed to pay its rent. "No constructive eviction exists without a surrender of possession. With retention of possession after constructive eviction, liability for rent exists, according to the terms of the lease, during occupancy thereunder." *(Leiferman v. Osten,* 167 Ill. 93, 101.) The rule stated in *Gibbons v. Hoefeld, supra,* is also applicable to the present contention.

The contention of the defendant is without the slightest merit, and the judgment of the municipal court of Chicago should be and it is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.