John C. Foerster, Appellee, v. The L. Fish Furniture Company, Appellant.

Gen. No. 35,497.

Heard in the first division of this court for the first district at the October term, 1931. Opinion filed February 29, 1932.

D'Ancona, Pflaum & Kohlsaat, for appellant.

Newell Mecartney, for appellee.

Mr. Justice Matchett delivered the opinion of the court.

Foerster sued to recover $50 which he paid to the defendant company as the first instalment on the price of a radio. There was a trial by the court and a find-

ing for plaintiff in the amount claimed, with judgment on the finding, which defendant seeks to reverse by this appeal.

It is contended in the first place that the judgment is contrary to the weight of the evidence. It appears that the defendant corporation is engaged in merchandising in the city of Chicago and, among other articles of furniture, offered radios for sale. On December 27, 1929, it caused an advertisement to be inserted in one of the Chicago papers which stated there was a great clearance of floor samples of nationally known radios at reductions of 35 per cent to 60 per cent. The advertisement stated, ''Greatest radio values of all time! Come early for best selections! 30 days' trial on any radio selected.'' Other similar advertisements were placed by defendant in the papers of Chicago at about the same time, in one of which appeared the cut of a radio and in enlarged letters under it the statement, ''30 Days' Trial,'' and in the body of the advertisement the statement, ''Buy it on 30 days' trial.''

After reading one of these advertisements, on December 28, 1929, plaintiff went to a branch store of defendant and asked a salesman to show him one of these advertised radios. He was shown the radio and heard it play, and the salesman told him it would work better in his own home than in the store. Plaintiff testified the salesman told him that they would guarantee the set and sold it on a 30 days' trial. Plaintiff then selected a radio and made a deposit of $50, as he says, agreeing to pay the balance in installments. The radio was delivered to his home on December 31. The salesman had promised to have the radio installed, but instead plaintiff had a friend attend to its installation. However, a man was sent by defendant to plaintiff's home for that purpose, and another man from the defendant store inspected the radio and changed the tubes after plaintiff had made a complaint about the radio. The radio proving unsatisfactory, defendant

took it back to the store and sent out another set, which was never installed, and when defendant sent a man out to install it, Mrs. Foerster refused to let him enter the house.

The salesman testified that he told plaintiff at the time he sold the radio that if it was not satisfactory defendant would exchange it for another, but that he did not say that plaintiff would get his money back. The salesman also testified that plaintiff signed a sales agreement (which was produced and over objection admitted in evidence) and that plaintiff was at that time given a carbon copy of it which, however, did not contain all the printed matter of the original agreement.

A radio service man for defendant testified, but in most respects his testimony does not conflict with that of plaintiff. He said that he tried out the radio which was installed in plaintiff's home and "it operated pretty good"; that a few days later plaintiff complained that, "There was a great deal of interference with the functioning of the radio"; that he went to plaintiff's home to install the second radio but was refused admittance.

Defendant's credit manager testified that plaintiff asked a refund of the $50 paid, which the manager refused; but that he told plaintiff that he would be glad to install a new set in exchange for the old one. This witness also testified to the effect that he was familiar with the advertising of defendant, and, as already stated, two of these advertisements were admitted in evidence.

It appears that plaintiff could read English but that he did not read the 14 lines of almost obscure print at the bottom of the sales slip bearing his signature.

Defendant says it is difficult to find any theory of law or fact that would entitle plaintiff to a return of the $50 deposit, but the trial court apparently believed the testimony of plaintiff to the effect that the

purchase of the radio was only upon approval, and if that is true, we think there would be an implied promise to return the deposit. If plaintiff within the time limited elected not to complete the purchase, it would hardly be reasonable to suppose that plaintiff was paying $50 for a 30-day option on a radio of the price of $140.

Defendant also contends that the court erred in admitting over its objections evidence as to the advertisements, on the theory that the printed matter contained the entire contract in writing which could not be varied by oral evidence. Defendant cites to this point *Harmony Cafeteria Co. v. International Supply Co.*, 249 Ill. App. 532, which states the general rule to that effect. The record hardly bears out the contention, however, that defendant tried the case upon the theory that this writing contained the entire contract. On the contrary, evidence as to the oral conversations at the time of the sale and afterwards was offered by both parties and received without objection by either. However, the record shows an objection by defendant to the admission of the advertisements. It is apparent, we think, that the almost obscure printed matter appearing only on that part of the sales slip retained by defendant was never intended by the parties to constitute the entire contract. An examination of this supposed contract discloses, among other things, a purported assignment of plaintiff's wages,—a subject which it is apparent was never called to plaintiff's attention. This supposed contract, almost invisible to the naked eye, does not commend defendant's business methods. It was evidently not intended to be read by the customer.

The judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.